30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Kelvin SOUDERS, Defendant-Appellant.
 No. 93-6280.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,[2] District Judge.
 
 BRORBY
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Souders[3] entered a plea of guilty to two offenses: use of a telephone to facilitate a conspiracy to manufacture methamphetamine and using a firearm in relation to a drug conspiracy crime. Mr. Souders appeals his sentence by attacking the sentencing court's determination of the drug quantity and by asserting the method of calculating the drug quantity violates his equal protection and substantive due process rights.
 
 
 4
 The presentence report in calculating the quantity of drugs involved in the offense included 1.8 liters of a clear orange liquid containing trace amounts of phenylacetone (P2P)[4] and methamphetamine, which could be extracted from the solution. Mr. Souders filed an objection to this drug quantity contending that most of the 1.8 liters of liquid was waste water from the manufacturing process and should not be considered for the purpose of computing his offense level. The sentencing court applied footnote * to U.S.S.G. 2D1.1(c) (1992), then in effect. The footnote provided that the entire weight of the mixture or substance containing a detectable amount of controlled substance should be included in the calculations.
 
 
 5
 It is true that in United States v. Killion, 7 F.3d 927, 934 (10th Cir.1993), cert. denied, 114 S.Ct. 1106 (1994), we reaffirmed the Tenth Circuit's position the entire weight of a mixture or substance containing a detectable amount of a controlled substance, including the waste by-products, should be used in calculating drug quantities under 2D1.1. However, since the date of Mr. Souders' sentencing, the sentencing commission has amended the applicable guideline. The guidelines currently provide that the quantity of drugs to be used for sentencing purposes does not include materials that must be separated from the controlled substance before the controlled substance can be used. U.S.S.G. 2D1.1, comment. (n.1) (1993). An example given is the waste water from an illicit laboratory used to manufacture a controlled substance.
 
 
 6
 Section 1B1.10 of the guidelines provides that where a defendant is serving a term of imprisonment, and the applicable guideline range has been subsequently lowered as a result of an amendment, then a reduction of imprisonment may be considered under 18 U.S.C. 3582(c)(2). Were Mr. Souders to be sentenced under the new guidelines, it appears, depending upon what factual findings are made, his sentence would be less. See U.S.S.G. 2D1.1, comment. (n.1). Retroactive application of the amendment is permitted under the clear language of the guidelines.
 
 
 7
 The sentencing court did not make a finding of fact as to whether the liquid was indeed waste water. Mr. Souders is owed this determination. Section 1B1.10 does not mandate the use of the lesser enhancement, but merely affords the sentencing court the discretion to utilize it. Therefore, we note that while Mr. Souders is not necessarily entitled to a reduction in the offense level, Mr. Souders is entitled to have his sentence reviewed in light of the amendment. See United States v. Connell, 960 F.2d 191, 197 (1st Cir.1992); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir.1992).[5]
 
 
 8
 We decline to address the Constitutional arguments. If the district court determines, on remand, that the substance was in fact waste water, the amended guideline will govern the sentence computation.
 
 
 9
 We therefore REMAND this case to the district court with instructions to vacate the sentence and to resentence Mr. Souders.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Wesley E. Brown, Senior United States District Judge, District of Kansas, sitting by designation
 
 
 [3]
 Mr. Souders was a coconspirator of Mr. Deninno and testified against Mr. Deninno. See United States v. Deninno, --- F.3d ---- (No. 93-6278) (10th Cir. July 14, 1994)
 
 
 [4]
 See United States v. Wagner, 994 F.2d 1467, 1469 (10th Cir.1993), which describes P2P as a precursor chemical and the part it plays in the manufacture of methamphetamine
 
 
 [5]
 The government concedes this point and urges this court to remand for resentencing under the amended guideline