**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 11 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERT KELVIN SOUDERS,

    Defendant-Appellant.

No. 96-6320
(D.C. No. CR-93-055-T)
(W.D. Okla.)

**ORDER AND JUDGMENT***

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Robert Kelvin Souders, an Oklahoma federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (1994) in the United States District Court for the Western District of Oklahoma. In September 1996, the district court denied Mr. Souders' petition for habeas relief. Thereafter, the court denied Mr. Souders a certificate of appealability. Mr. Souders now requests this court to issue a certificate of appealability pursuant to 28 U.S.C. § 2253.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1993, Mr. Souders pled guilty in the Western District of Oklahoma to one count of using a communication facility to facilitate conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 843(b), and one count of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Mr. Souders to forty-eight months imprisonment for violating 21 U.S.C. § 843(b) and sixty months imprisonment for violating 18 U.S.C. § 924(c)(1). The court ordered the sentences to run consecutively.

Mr. Souders then filed an appeal with this court challenging, *inter alia*, the district court's determination of the drug quantity involved for purposes of calculating his offense level. *See United States v. Souders*, No. 93-6280, 1994 WL 363539, at *1 (10th Cir., July 14, 1994). Based on an amendment to U.S.S.G. § 2D1.1, we remanded Mr. Souders' appeal to the district court with instructions to vacate his sentence and to resentence Mr. Souders. *Souders*, 1994 WL 363539, at *2. On remand, the district court sentenced Mr. Souders to thirty months imprisonment for violating 21 U.S.C. § 843(b) and sixty months imprisonment for violating 18 U.S.C. § 924(c)(1). The court ordered the sentences to run consecutively.

Subsequently, in June 1996, Mr. Souders filed his motion to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255. Mr. Souders argued his sentence for using or carrying a firearm in relation to a drug trafficking crime should be set aside because the record established he did nothing more than passively possess a firearm near drugs. However, the district court concluded Mr. Souders' own admissions proved he "carried" a firearm as required by 18 U.S.C. § 924(c)(1). Consequently, the district court denied Mr. Souders' petition for a writ of habeas corpus and denied Mr. Souders a certificate of appealability.

## II. CERTIFICATE OF APPEALABILITY

Mr. Souders now requests this court to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) provides "an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255" unless a circuit judge issues a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, we must determine whether Mr. Souders has made a substantial showing of the denial of a constitutional right. If Mr. Souders has failed to make such a showing, we must dismiss his appeal.

Mr. Souders contends he has established the denial of a constitutional right by proving his conviction under 18 U.S.C. § 924(c)(1) is invalid. Mr. Souders argues there is no evidence to establish he "used" or "carried" a firearm during and in relation to the commission of a drug trafficking crime. According to Mr. Souders, the evidence merely indicates his firearm was passively stored near drugs or drug proceeds.

18 U.S.C. § 924(c)(1) makes it unlawful to use or carry a firearm "during and in relation to any ... drug trafficking crime." In order to establish "use" of a

firearm under § 924(c)(1), the government must establish "active employment" of the weapon. *Bailey v. United States*, 116 S. Ct. 501, 506 (1995). To satisfy the "carry" prong of § 924(c)(1), the government must satisfy two elements: "'possession of the weapon through the exercise of dominion or control; and transportation of the weapon.'" *United States v. Smith*, 82 F.3d 1564, 1568 (10th Cir. 1996) (quoting *United States v. Spring*, 80 F.3d 1450, 1465 (10th Cir.), *cert. denied*, 117 S. Ct. 385 (1996)); *see also United States v. Hernandez*, 80 F.3d 1253, 1258 (9th Cir. 1996) ("to be convicted of 'carrying' a gun ..., the defendant must have transported the firearm on or about his or her person."). The Supreme Court has ruled a defendant may not be convicted under § 924(c)(1) "merely for storing a weapon near drugs or drug proceeds." *Bailey*, 116 S. Ct. at 508.

Here, Mr. Souders pled guilty to violating § 924(c)(1). In his "Petition to Enter Plea of Guilty," Mr. Souders described the act that formed the basis of his plea, as follows:

> I was in Room # 173 at the ThunderBird Lodge in Norman, Okla with my 357 colt in a dresser draw[er] at which time chemicals and drugs were present; I also used the telephone to call LABCO and Midamerica to find out about buying iodine crystals, acids, etc.

At Mr. Souders' sentencing hearing, the district court inquired further as to the factual basis for his guilty plea. The court and the defendant engaged in the following exchange:

THE COURT:  And in regard to Count 4 of the indictment, tell me about that.

DEFENDANT SOUDERS:  I had in my possession a gun which I carried for quite sometime.

....

THE COURT: And did you knowingly have a firearm during your participation in this conspiracy to manufacture methamphetamine?

DEFENDANT SOUTHERS: Yes.

As found by the district court, we believe Mr. Souders' § 924(c)(1) conviction can be sustained under the "carry" prong of the statute.  Mr. Souders' own admissions sufficiently establish Mr. Souders "carried" a firearm during and in relation to the conspiracy to manufacture methamphetamine.  Accordingly, we conclude Mr. Souders' conviction and sentence under 18 U.S.C. § 924(c)(1) are valid and should not be set aside.[1]

---

[1] Mr. Souders appears to argue the district court erred in failing to hold an evidentiary hearing on Mr. Souder's habeas motion.  We review the district court's decision to deny an evidentiary hearing for an abuse of discretion. *United States v. Barboa*, 777 F.2d 1420, 1422 (10th Cir. 1985).  Under 28 U.S.C. § 2255, the district court is required to conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Here, we believe the record conclusively shows Mr. Souders is not entitled to any relief under 28 U.S.C. § 2255.  Consequently, the district court did not abuse its discretion in denying Mr. Souders an evidentiary hearing.

## III. CONCLUSION

Having determined Mr. Souders' § 924(c)(1) conviction to be valid, we hereby conclude a certificate of appealability should not issue. Mr. Souders' appeal is hereby denied and dismissed.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge