COMMONWEALTH *vs.* PEDRO MUNOZ.

Worcester.   September 15, 1981. — October 8, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Motor Vehicle*, Insurance.  *Practice, Criminal*, Presumptions and
   burden of proof, Instructions to jury.

In a prosecution under G. L. c. 90, § 34J, for operation of an uninsured
   motor vehicle, the Commonwealth must prove as an element of the
   crime charged that the motor vehicle was in fact uninsured; G. L.
   c. 278, § 7, which places the burden on a defendant to produce evi-
   dence of license or authority, is inapplicable to prosecutions under
   c. 90, § 34J.  [506-510]

COMPLAINTS received and sworn to in the Leominster
Division of the District Court Department on July 13, 1979,
and July 30, 1979, respectively.

On appeals to the jury session of the Central Worcester
Division of the District Court Department, the cases were
tried before *Gelinas*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Milly Whatley* for the defendant.

*Lynn Morrill Turcotte*, Assistant District Attorney, for
the Commonwealth.

NOLAN, J.  The defendant was convicted of unauthorized
possession of a controlled substance, G. L. c. 94C, § 34,
and of operating an uninsured motor vehicle, G. L. c. 90,
§ 34J, by a jury of six in a District Court.  The Appeals
Court affirmed both convictions.  *Commonwealth* v.
*Munoz*, 11 Mass. App. Ct. 30 (1980).  The defendant
sought further appellate review on the charge of operating
an uninsured motor vehicle.  We granted the defendant's
application.  The defendant asserts that the trial judge's

instructions to the jury on the uninsured motor vehicle charge were improper because they shifted to the defendant the burden of proof on an essential element of the crime. We conclude that the "over-all impact" of the instructions (*Commonwealth* v. *Sellon*, 380 Mass. 220, 231-232 [1980]) was to place the burden of proof on the defendant as to the absence of insurance, an essential element of the crime. Therefore, we reverse the judgment of conviction of operating an uninsured vehicle.

We summarize only the facts relevant to the issue before us on appeal. The Commonwealth introduced evidence that the defendant had been observed on July 12, 1979, operating a 1972 brown Pontiac automobile on a public way. When asked for his license and registration, the defendant produced a license, a registration certificate for a 1967 Mercury Cougar automobile, and a certificate of title for the Pontiac in the name of a third person. The title certificate for the Pontiac had not been completed to indicate a proper transfer of the vehicle, although the assignment of title on the back of the title certificate had been signed by the third person and the certificate contained a notation that a bank lien on the car had been released six days prior to the incident. Copies of the registration for the Mercury and the title certificate for the Pontiac were introduced as exhibits by the Commonwealth. Neither the Commonwealth nor the defendant introduced any evidence touching the question whether the Pontiac was properly insured.

In instructing the jury on the presumption of innocence and the burden of proof, the judge stated: "[The defendant] is presumed to be innocent when he first stands before you. It is the Commonwealth's burden then to show beyond a reasonable doubt that that presumption is not founded and that he is, in fact, guilty. Now, let us talk a little bit about the defendant's burden and he has none with a minor exception on which I will instruct you a little later in this case. The defendant has no burden. He does not have to take the stand. He does not have to prove anything to you. The whole of the proof is left to the Commonwealth as I

said with an exception which I will explain to you in a little while."

The judge subsequently instructed the jury on the charge of operating an uninsured vehicle in the following language: "The second complaint that you have before you alleges that the defendant did operate a motor vehicle without having the motor vehicle insured as is required under our law. And here the Commonwealth is required to prove two things to you. First, that the defendant operated a motor vehicle. Secondly, that the motor vehicle was operated on a public way or on a way to which the public had a right of access or had access by way of being an invitee or a licensee. Then the Commonwealth also has to allege that the vehicle was uninsured. And here is where the presumption that I have indicated to you before stands in favor of the defendant. It changes a little bit.

"Once the Commonwealth has shown that there was operation of the motor vehicle and that the operation took place on a public way or a way to which the public had a right of access, then if they further allege that the motor vehicle was uninsured, the defendant has the responsibility and the obligation of showing that, as a matter of fact, it was insured. And that presumption that we talked about shifts a little bit. It shifts because it is very difficult if not impossible to prove a negative. It is very difficult to show that something does not exist.

"Under this special circumstance, our law requires, one, the Commonwealth has made out those two elements and alleges there was no insurance on the vehicle. It is up to the defendant to show there was insurance. The law in Massachusetts requires that there be at least a minimum amount of insurance on a motor vehicle for it to be operated on the highway. And that is called compulsory motor vehicle insurance requirements."

The defendant made a timely objection to this portion of the charge and contends that the instructions impermissibly shifted to him the burden of proof of an element of the crime and invaded the fact-finding function of the jury.

The Commonwealth contends that the judge's instructions represent a correct application of the law because G. L. c. 278, § 7, which places the burden on the defendant to produce evidence of license or authority, applies to a prosecution under G. L. c. 90, § 34J, for operating an uninsured motor vehicle. The Commonwealth argues that the instructions at issue comply with G. L. c. 278, § 7, since they did not shift the burden of proof to the defendant but merely placed on the defendant the burden of producing some evidence of automobile insurance.

General Laws c. 278, § 7, provides that "[a] defendant in a criminal prosecution, relying for his justification upon a license, appointment, admission to practice as an attorney at law, or authority, shall prove the same; and, until so proved, the presumption shall be that he is not so authorized." In *Commonwealth* v. *Jones*, 372 Mass. 403 (1977), we discussed the history and interpretation of this statute and ruled that the statute applied to prosecutions under G. L. c. 269, § 10, which prohibits the carrying of a firearm. We indicated in *Jones* that, under G. L. c. 278, § 7, the burden is on a defendant to come forward with evidence of his license to carry a firearm; that, if he does, "the burden is on the prosecution to persuade the trier of facts beyond a reasonable doubt that the defense does not exist"; and that, if the defendant does not, there is no jury issue as to licensing or authority. *Id.* at 406-407. In *Commonwealth* v. *Jefferson*, 377 Mass. 716 (1979), we held that the same principles apply to a prosecution under G. L. c. 94C, § 27, which prohibits the unlawful possession of hypodermic needles and syringes, and ruled that where there was no evidence bearing on the defendant's justification for possession of the needles and syringes, the judge's charge properly removed justification from the jury's consideration. As we stated in *Jones*, G. L. c. 278, § 7, is applicable to situations where "[a]s [a] matter of statutory construction, the prohibition is general, the license is exceptional."*Commonwealth* v. *Jones, supra* at 405, quoting from *Commonwealth* v. *Nickerson*, 236 Mass. 281, 305 (1920). In the absence of evidence with

respect to licensing or authority, the issue of licensing or authority is removed from consideration and no jury issue is presented. Accordingly, if a defendant is relying on licensing or authority, he must come forward with evidence of license or authority. If he fails in this particular, the issue is not presented.

These considerations are inapplicable, however, in the case at bar because insurance is an element of the crime charged, not a mere license or authority. See J.R. Nolan, Criminal Law § 583 (1976). Therefore, the issue of insurance cannot be viewed as an affirmative defense and, of course, it cannot be removed from jury consideration. In a prosecution under G. L. c. 90, § 34J, the Commonwealth must prove as an element of the crime charged that the motor vehicle was in fact uninsured. The defendant cannot be under any obligation to aid the Commonwealth in its proof of this central element of the case against him. If the Commonwealth fails to carry its burden of proof on this element, its entire case must fail.

The Commonwealth, in urging us to apply G. L. c. 278, § 7, to this case and to require the defendant to bear the burden of producing evidence showing insurance, points to the relative ease with which the defendant could produce a document proving insurance if the car were in fact insured as compared with the difficulty the Commonwealth has in proving noninsurance. The Commonwealth acknowledges, however, that under G. L. c. 90, § 34I, the Registrar of Motor Vehicles is obliged to maintain information as to insurance on every car registered in the Commonwealth and is required to make this information available to any person on request. Even assuming that it may be difficult for the Commonwealth to prove noninsurance, this obstacle does not warrant the application of c. 278, § 7, in view of the fact that noninsurance is an element, in fact, the central element of a prosecution under G. L. c. 90, § 34J. Accordingly, we conclude that G. L. c. 278, § 7, is inapplicable to prosecutions under G. L. c. 90, § 34J.

Because G. L. c. 278, § 7, does not apply to the issue of insurance under prosecutions for driving an uninsured motor

vehicle, that statute cannot save the instructions given to the jury in this case. As we stated in *Jones* and *Jefferson*, G. L. c. 278, § 7, merely places on the defendant the burden of coming forward with evidence of his justification. General Laws c. 278, § 7, does not, and could not constitutionally, shift the burden of proof to the defendant as to an element of the crime charged. We believe that the judge's charge involved in this case had the effect of placing on the defendant the burden of proving insurance.

The judge, after instructing the jury that the defendant is presumed to be innocent and that the Commonwealth has the burden of proving guilt beyond a reasonable doubt, stated, "[L]et us talk a little bit about the defendant's burden and he has none *with a minor exception* . . . . The whole of the proof is left to the Commonwealth as I said *with an exception*" (emphasis added). In instructing the jury on the charge of operating an uninsured motor vehicle the judge stated that the "Commonwealth is required to prove two things" — that the defendant operated a motor vehicle and that this occurred on a public way. He then stated that the Commonwealth "has to *allege* that the vehicle was uninsured . . . then . . . the defendant has the responsibility and the obligation of showing that, as a matter of fact, it was insured. . . . It is up to the defendant to show there was insurance." (Emphasis added.)

As we stated in *Commonwealth* v. *Medina*, 380 Mass. 565 (1980), "'whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction' . . ., and . . . error is avoided if the charge, read as a whole, makes clear the Commonwealth's burden." *Id.* at 578, quoting from *Sandstrom* v. *Montana*, 442 U.S. 510, 514 (1979). Viewing these instructions as a whole, we think it clear that a reasonable juror could have interpreted them as placing a burden on the defendant to prove that the car was insured. A reasonable juror could have further concluded that, absent such proof, the jury were obliged to find that the defendant's car was in fact not insured, once the

Commonwealth had alleged noninsurance, even if the Commonwealth had presented no evidence tending to show the absence of insurance. Since the defendant here did not present any evidence pertaining to insurance, the judge in his instructions, effectively (though not formally) directed a verdict against the defendant. As we stated in *Commonwealth* v. *Pauley*, 368 Mass. 286, 291, appeal dismissed, 423 U.S. 887 (1975), it is an "established principle that a verdict may not be directed against a defendant in a criminal prosecution, see Wigmore, Evidence, § 7495, p. 312 (2d ed. 1940), with the corollary proposition that the trier of fact, judge or jury, cannot be compelled to find against the defendant as to any element of the crime."

Nor can the burden of persuasion be shifted to the defendant by means of a mandatory presumption.[1] In *Commonwealth* v. *Callahan*, 380 Mass. 821 (1980), we struck down a jury instruction which had the effect of imposing a mandatory presumption of malice arising from the use of a deadly weapon. The judge's charge in *Callahan* "clearly stated that unless some evidence were introduced to the contrary, presumably by the defendant, the 'implication' of malice was required to be drawn from the intentional use of a deadly weapon. This language clearly reflects the shifting of some burden onto the defendant. . . . Such a shift of the burden of proof is clearly contrary to the constitutional requirement that the Commonwealth must prove every essential element of a crime beyond a reasonable doubt" (citations omitted). *Id.* at 824-825.

It has long been the rule that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). This constitutional requirement cannot be altered because of any difficulty the Common-

---

[1] We are not presented here with the propriety of a permissive presumption or inference which involves no shift in the burden of persuasion. See *Commonwealth* v. *Pauley*, 368 Mass. 286, appeal dismissed, 423 U.S. 887 (1975); *DeJoinville* v. *Commonwealth*, 381 Mass. 246 (1980).

wealth may have in proving the absence of insurance as compared to the relative ease with which the defendant could prove that his car was insured. Justice Powell wrote in *Mullaney* v. *Wilbur*, 421 U.S. 684, 701 (1975): "It has been suggested . . . that because of the difficulties in negating an argument that the homicide was committed in the heat of passion the burden of proving this fact should rest on the defendant. No doubt this is often a heavy burden for the prosecution to satisfy. The same may be said of the requirement of proof beyond a reasonable doubt of many controverted facts in a criminal trial. But this is the traditional burden which our system of criminal justice deems essential."

We also point out, so as to avoid future confusion in this area, that the recommended instruction for operating a motor vehicle without insurance (Instruction 5.11 of the Model Jury Instructions for Criminal Offenses Tried in the District Courts [1980]) is improper. The model instruction states that the Commonwealth must prove beyond a reasonable doubt that the defendant operated a motor vehicle upon a public way. It then reads: "Once the Commonwealth has proved these two things and has alleged that the defendant failed to produce proof of insurance, the burden is upon the defendant to prove that he does have the required insurance coverage." This instruction shifts the burden of proof to the defendant as to this element of the crime and is therefore improper.

For the foregoing reasons we reverse the defendant's conviction on the charge of operating an uninsured motor vehicle.

> *Judgment of the District Court reversed.*
>
> *Verdict set aside.*
>
> *Judgment for the defendant.*