**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

BAUDELIO PORTILLO-RODRIGUEZ,

       Defendant - Appellant.

No. 97-1080

(D. Colorado)

(D.C. No. 95-N-3244)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Baudelio Portillo-Rodriguez, an inmate in the federal prison at Engelwood, Colorado, seeks a certificate of appealability so that he may appeal the district court's denial of his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2255. We deny Mr. Portillo-Rodriguez's request for a certificate of appealability and dismiss his appeal.

In February 1992, Mr. Portillo-Rodriguez pleaded guilty in the U.S. District Court for the District of Colorado to one count of possessing with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii), and one count of using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1).[1] Mr. Portillo-Rodriguez did not directly appeal his conviction and sentence.

On December 29, 1995, Mr. Portillo-Rodriguez filed a § 2255 petition, arguing that the facts did not support his conviction under § 924(c)(1) because he did not "use" a firearm as defined by the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501, 506 (1995) (holding government must show "active employment of the firearm" to establish use of a firearm under § 924(c)(1)). He also alleged ineffective assistance of counsel. The district court determined that the stipulated facts were insufficient to support a conviction for using a firearm, but that the facts supported Mr. Portillo-Rodriguez's conviction for carrying a firearm. The court also rejected his claim for ineffective assistance of counsel. Accordingly, the district court denied Mr. Portillo-

---

[1]18 U.S.C. § 924(c)(1) provides in relevant part: "Whoever, during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years . . . ."

Rodriguez's § 2255 petition and subsequently denied his request for a certificate of appealability.

In order to issue a certificate of appealability, we must determine whether Mr. Portillo-Rodriguez "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In his request for a certificate of appealability and supporting brief before this court, Mr. Portillo-Rodriguez contends he has met this standard because "the evidence fails to support the 'carry' prong [of § 924(c)(1)] because [he] neither sold nor possessed any drugs." Appellant's Br. at 3. Mr. Portillo-Rodriguez also argues that he received ineffective assistance of counsel because if "counsel had told [him] that he could have won the § 924(c)(1) charge at a trial, then [he] would have gone to trial," because the "evidence shows great probability that [he] could have won the § 924(c)(1) charge." Id. at 5.

18 U.S.C. § 924(c)(1) makes it unlawful to use or carry a firearm during and in relation to any drug trafficking crime. We have held that the Bailey interpretation of use of a firearm under § 924(c)(1) applies retroactively, and that an inmate may challenge a conviction under section 924(c)(1) when the factual basis for a guilty plea does not constitute a crime under that section. See United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir. 1996). The proper inquiry is whether there was an adequate factual basis for Mr. Portillo-Rodriguez's guilty plea. We consider the sentencing court's acceptance of a guilty plea as a factual finding that there exists an adequate factual basis for the plea, and we review that finding under a clearly erroneous standard. Id. at 710.

This court has held that nothing in Bailey conflicts with our pre-Bailey "vehicular carrying" line of cases under § 924(c)(1). See United States v. Miller, 84 F.3d 1244, 1260 (10th Cir.), cert. denied sub nom. Hicks v. United States, 117 S. Ct. 443 (1996). Under that line of cases, "the government is required to prove only that the defendant transported a firearm in a vehicle and that he had actual or constructive possession of the firearm while doing so," and that "the defendant carried a firearm 'during and in relation to' a drug trafficking offense." Id. at 1259, 1260; see also United States v. Smith, 82 F.3d 1564, 1568 (10th Cir. 1996). Here, pursuant to Mr. Portillo-Rodriguez's voluntary guilty plea, he and the Government agreed to the following stipulated facts:

> On September 10, 1991 (Count Two) [Portillo-Rodriguez] conspired [with] and aided and abetted his brother/co-defendant Jose Portillo-Rodriguez in the distribution of approximately 506 grams of cocaine to an undercover Denver Police Detective . . . . [Portillo-Rodriguez] acted as a lookout and received the money for the cocaine from the undercover officer. During the arrest following the transaction on September 10, 1991, described above, a Raven Arms .25 caliber semi-automatic pistol, with one live round chambered and four live rounds in the magazine was found on the floor board of the driver's side of the Blue Ford Escort which [Portillo-Rodriguez] was driving and in which he was seated during the drug transaction. The parties agree that the amount of cocaine which is readily provable against [Portillo-Rodriguez] is at least 500 grams.

Appellant's App. at 2 (District Court's Order).

Based on these stipulated facts, we agree with the district court's determination that there was ample evidence to support Mr. Portillo-Rodriguez's conviction under § 924(c)(1). He possessed and transported the gun on the floorboard of the driver's side of the car which he was driving and in which he was seated during the admitted drug-

trafficking offense. See United States v. Nicholson, 983 F.2d 983, 990 (10th Cir. 1993) (upholding conviction for carrying a firearm where defendant had gun "within easy reach" under the seat, and noting "'a presumption of a nexus between the firearm and offense when an individual with ready access to the firearm is involved in a drug trafficking offense'") (quoting United States v. Parrish, 925 F.2d 1293, 1298 (10th Cir. 1991)); United States v. McDonald, 933 F.2d 1519, 1526 (10th Cir. 1991) (affirming conviction for carrying a firearm where the defendant was the driver and there was a firearm under the driver's seat of the vehicle); United States v. Cox, 934 F.2d 1114, 1121 (10th Cir. 1991) (affirming conviction for carrying a firearm where a firearm was found on the passenger-side floorboard of a vehicle the defendant had been driving). Moreover, Mr. Portillo-Rodriguez's argument that there was no evidence that he either sold or possessed drugs is wholly without merit as he pleaded guilty to that offense, the stipulated facts clearly show his active participation in the drug transaction, and he has no grounds to attack collaterally the basis of that guilty plea. See United States v. Broce, 488 U.S. 563, 569 (1989) (holding voluntary and counseled guilty plea and ensuing conviction comprehend all factual and legal elements necessary to sustain final judgment of guilt and lawful sentence, and generally may not be collaterally attacked).

Mr. Portillo-Rodriguez also argues that he received ineffective assistance of counsel because his attorney failed to tell him that he "could have won the 924(c)(1) charge at trial." To state a claim for ineffective assistance of counsel, "the defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceedings would have been different." Williamson v. Ward, 110 F.3d 1508, 1514 (10th Cir. 1997) (quoting Kimmelman v. Morrison, 477 U.S. 365, 375 (1986)). "To show prejudice in the guilty plea context, the defendant must establish that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial.'" United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Mr. Portillo-Rodriguez has failed to show that counsel's representation fell below an objective standard of reasonableness. As we have indicated, Bailey did not change the law concerning the carry prong of § 924(c)(1). Because the facts of this case clearly support Mr. Portillo-Rodriguez's conviction under the carry prong of § 924(c)(1), counsel performed reasonably by not advising Mr. Portillo-Rodriguez that "he could have won the § 924(c)(1) charge at trial."

For the foregoing reasons, and those ably set forth in the district court's order, Mr. Portillo-Rodriguez has failed to make a substantial showing of the denial of a constitutional right, and accordingly, we DENY his request for a certificate of appealability, and DISMISS his appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge