NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13315

COMMONWEALTH  vs.  CARLOS GUARDADO.


Middlesex.      September 11, 2023. - October 26, 2023.

Present:  Budd, C.J., Gaziano, Lowy, Cypher, Kafker, Wendlandt,
& Georges, JJ.


Firearms.  License.  Constitutional Law, Right to bear arms,
    Double jeopardy.  Due Process of Law, Elements of criminal
    offense.  Practice, Criminal, Instructions to jury,
    Reconsideration, New trial, Double jeopardy.



Indictments found and returned in the Superior Court
Department on June 26, 2019.

A pretrial motion to suppress evidence was heard by C.
William Barrett, J., and the cases were tried before Paul D.
Wilson, J.

After review by this court, 491 Mass. 666 (2023), a motion
for reconsideration was allowed in part.


Elaine Fronhofer for the defendant.
Jamie Michael Charles, Assistant District Attorney, for the
Commonwealth.


GAZIANO, J.  This is a companion case to Commonwealth v.

Guardado, 491 Mass. 666 (2023) (Guardado I), concerning the

proper remedy for the constitutional violations described therein.  A Superior Court jury convicted the defendant of, among other things, unlawfully carrying a firearm, unlawfully carrying a loaded firearm, and unlawfully carrying ammunition.  See id. at 667.  On appeal, this court determined that, in light of the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111, 2122 (2022), which was issued after the defendant's convictions, absence of licensure is an essential element of those crimes.  See Guardado I, supra at 690, 692.  Accordingly, we held that the trial judge erred when he failed to instruct the jury that, to convict the defendant of those crimes, they would have to find that the defendant lacked a firearms license.  See id. at 691.  We vacated the defendant's convictions and ordered that the Superior Court judge enter judgments of not guilty on the indictments, precluding the Commonwealth from retrying the defendant on those charges.  See id. at 694.

The Commonwealth has moved for reconsideration, arguing that because the constitutional rule established in Bruen, 142 S. Ct. at 2122, did not exist at the time the defendant was convicted, the Commonwealth should have an opportunity to retry the defendant.  We conclude that the Commonwealth is correct.  Ordinarily, the prohibition against double jeopardy bars retrial if, as the Commonwealth concedes, there was insufficient

evidence at trial to establish an essential element of the crime. However, the Commonwealth had no reason to introduce evidence of the defendant's lack of licensure under then-prevailing law. Because the Commonwealth is not being given a second bite at the proverbial apple to supply evidence that it was required to muster in the earlier trial, double jeopardy does not bar retrial.

1. Background. a. Trial. In June 2019, a grand jury issued indictments charging the defendant with one count of illegal possession of a firearm, G. L. c. 269, § 10 (a); two counts of illegal possession of a large capacity feeding device, G. L. c. 269, § 10 (m); one count of illegal possession of ammunition, G. L. c. 269, § 10 (h); and one count of illegal possession of a loaded firearm, G. L. c. 269, § 10 (n). The facts underlying those charges are recited in Guardado I, 491 Mass. at 668-673.

When the judge instructed the jury at trial, he did not include absence of a firearms license among the elements that the Commonwealth would have to prove for the jury to convict the defendant. The defendant did not object to this omission from the jury instructions.

In June 2021, the defendant was convicted on all counts except for one count of illegal possession of a large capacity

feeding device.  The defendant filed a timely notice of appeal, and we transferred the case to this court on our own motion.

b.  Appeal.  The defendant argued on appeal that the judge erred by failing to instruct the jury that absence of licensure is an essential element of the crimes of unlawful possession of a firearm and unlawful possession of ammunition.  The defendant relied on the Supreme Court's holding in Bruen, 142 S. Ct. at 2122, that the Second Amendment to the United States Constitution protects an individual's right to carry a firearm outside the home.  The defendant contended that, as a result of Bruen, his convictions of unlawful possession of a firearm, unlawful possession of ammunition, and unlawful possession of a loaded firearm should be reversed.

We reviewed the defendant's argument under a standard that ordinarily is reserved for issues preserved at trial.  We reasoned that the defendant "did not have an adequate opportunity at the time of his trial" to object to the jury instructions, because the Court's decision in Bruen had not issued until after the defendant had been convicted.  Guardado I, 491 Mass. at 686.  Under the "clairvoyance exception," which allows a defendant to raise an unpreserved issue on appeal "when the constitutional theory on which the defendant has relied was not sufficiently developed at the time of trial," Commonwealth

v. Rembiszewski, 391 Mass. 123, 126 (1984), the defendant was entitled to review of the issue, Guardado I, supra.

We concluded, in light of Bruen, that absence of licensure is an essential element of the crimes of unlawful possession of a firearm and unlawful possession of ammunition. See Guardado I, 491 Mass. at 690. Accordingly, we held that the judge erred by omitting absence of licensure from his instructions on those crimes to the jury. See id. at 691. We vacated the defendant's convictions on the indictments charging unlawful possession of a firearm, unlawful possession of ammunition, and unlawful possession of a loaded firearm,[1] and we remanded the matter to the Superior Court for entry of judgments of not guilty on those indictments. See id. at 694.

c. Motion to reconsider. In May 2023, the Commonwealth moved for reconsideration of the remedy this court issued in Guardado I, 491 Mass. at 694. We granted the Commonwealth's motion for reconsideration in part and asked the parties to file briefs on the following issue: "[W]hether the court should continue to hold that the remedy in [Guardado I] for an erroneous jury instruction relieving the Commonwealth of the burden of proving absence of firearm[s] licensure is vacatur of

---

[1] A defendant may not be convicted of unlawful possession of a loaded firearm if he or she is not convicted also of unlawful possession of a firearm. See Commonwealth v. Tate, 490 Mass. 501, 520 (2022).

the conviction and remand for entry of a judgment of acquittal. . . . Or, should the court consider the jury instruction, which conformed to controlling precedent at the time, to be trial error that results in vacatur of the conviction and remand for a new trial."[2]

2. Discussion. Based on their differing applications of the double jeopardy principle, the parties disagree as to what the appropriate remedy should be for the erroneous jury instructions. The Commonwealth argues that we erred by ordering the Superior Court to enter judgments of not guilty on the defendant's convictions. According to the Commonwealth, because the evidence it presented at trial was insufficient only because of a postconviction change in the law, double jeopardy does not bar retrial. The defendant contends that, because the Commonwealth's evidence at trial was not sufficient according to

---

[2] The Commonwealth raised in its motion additional issues, including whether to extend the license requirement to the crime of unlawful possession of a large capacity feeding device. See G. L. c. 269, § 10 (m). We grant the Commonwealth's motion to reconsider that issue, insofar as the Commonwealth requests that we not address whether absence of a license is an essential element of that offense. In the exercise of our discretion, we have decided to avoid answering an unpreserved constitutional claim. We leave for another day, with the benefit of full briefing and argument, the question whether large capacity feeding devices are "arms" protected by the Second Amendment following Bruen. See, e.g., Ocean State Tactical, LLC v. Rhode Island, 646 F. Supp. 3d 368, 385-388 (D.R.I. 2022).

the state of the law at the time of his appeal, double jeopardy requires the entry of judgments of acquittal.

"At its core, the prohibition against double jeopardy, which flows from the Fifth Amendment to the United States Constitution, as well as the statutory and common law of Massachusetts, provides that 'a person cannot twice be put in jeopardy for the same offense.'" Commonwealth v. Sanchez, 485 Mass. 491, 506 (2020), quoting Marshall v. Commonwealth, 463 Mass. 529, 534 (2012). This prohibition protects defendants against the possibility that "prosecutors could treat trials as dress rehearsals until they secure the convictions they seek." Currier v. Virginia, 138 S. Ct. 2144, 2149 (2018). It also ensures that defendants will not receive "multiple punishments" for the same offense. United States v. Ursery, 518 U.S. 267, 273 (1996). To prevent such injustices, double jeopardy protections forbid the Commonwealth from prosecuting the defendant for the same offense after a final verdict has been entered. See Commonwealth v. Brown, 470 Mass. 595, 603 (2015), quoting Marshall, supra.

The prohibition against double jeopardy generally precludes retrial if the Commonwealth presented insufficient evidence at the original trial to support the defendant's conviction. See Commonwealth v. Bolling, 462 Mass. 440, 453 (2012). See also United States v. Wacker, 72 F.3d 1453, 1465 (10th Cir. 1995),

cert. denied, 523 U.S. 1035 (1998), citing Burks v. United States, 437 U.S. 1, 10 (1978) ("by reversing a conviction for insufficient evidence, the reviewing court is actually making a determination that the trial court erred in failing to direct a verdict of acquittal on the evidence; accordingly, the defendant should be treated as though he or she were acquitted"). Otherwise, the Commonwealth would be able to take advantage of a trial error by presenting a stronger case the second time around, thereby "getting a second bite at the proverbial apple" (quotation and citation omitted). Commonwealth v. Claudio, 484 Mass. 203, 208 (2020). If, given the evidence presented at trial, no "trier of fact could have found the essential elements of the crime beyond a reasonable doubt," the Commonwealth does not get to try again (citation omitted). Commonwealth v. Brown, 479 Mass. 600, 608, 611 (2018).

The double jeopardy principle, however, "does not prevent the government from retrying a defendant who succeeds in getting his conviction set aside . . . because of some error in the proceedings leading to conviction." United States v. Acosta-Sierra, 690 F.3d 1111, 1123 (9th Cir. 2012), cert. denied, 568 U.S. 1183 (2013), quoting Lockhart v. Nelson, 488 U.S. 33, 38-39 (1988). See Commonwealth v. DiBenedetto, 414 Mass. 37, 45 (1992), S.C., 427 Mass. 414 (1998), 458 Mass. 657 (2011), and 475 Mass. 429 (2016) (double jeopardy did not bar retrial where

conviction was vacated due to erroneous admission of deposition testimony).  Where a guilty verdict is reversed because of "an error in the jury instructions," the proper remedy is to remand for "a new trial."  Commonwealth v. Vargas, 475 Mass. 338, 349 (2016).  This holds true even when the error in the jury instructions resulted in a misallocation in the burden of proof.  See Commonwealth v. Skinner, 408 Mass. 88, 94-95, 99 (1990) (remand for new trial because jury instructions relieved "government of its burden of proof on an element of a crime").  See also United States v. Godin, 534 F.3d 51, 61 (1st Cir. 2008) ("Generally, if an erroneous jury instruction is not harmless error, we vacate the conviction and remand for a new trial").  In such circumstances, a retrial does not impose on the defendant any of the evils from which the prohibition against double jeopardy is intended to protect.  See Marshall, 463 Mass. at 534.

Here, the Commonwealth concedes that it did not present evidence at trial to indicate that the defendant lacked a firearms license.  The Commonwealth therefore did not introduce sufficient evidence to establish beyond a reasonable doubt an essential element of the crimes at issue.  See Guardado I, 491 Mass. at 690, 692 ("absence of a license is an essential element of the offense[s] of unlawful possession of a firearm" and "unlawful possession of ammunition").  Ordinarily, this would

establish that the "[d]ouble [j]eopardy [c]lause forbids a second trial." See Commonwealth v. Lopez, 484 Mass. 211, 221 (2020), quoting Commonwealth v. Amado, 387 Mass. 179, 190 (1982).

We conclude, however, that this case does not present the same concerns. At the time of the defendant's trial, this court's precedent clearly had established that absence of licensure was not an essential element of any of the crimes with which the defendant was charged. See Commonwealth v. Allen, 474 Mass. 162, 174 (2016). Rather, proper licensure explicitly was recognized to be an affirmative defense. See Commonwealth v. Gouse, 461 Mass. 787, 804-806 (2012). Thus, given that the defendant did not "provide notice of intent to raise the defense of license" prior to trial, the Commonwealth proceeded at trial under the impression, created by this court's decisions, that a conviction did not depend on whether the defendant possessed a firearms license. Commonwealth v. Humphries, 465 Mass. 762, 767 (2013). It only was after the defendant's trial that the Supreme Court issued its decision in Bruen, which in turn led this court to overturn its previous holdings and rule that absence of licensure is an essential element of the crimes. See Guardado I, 491 Mass. at 690.

Because the evidence against the defendant was insufficient only when viewed through the lens of a legal development that

occurred after trial, the Commonwealth has not "been given [a] fair opportunity to offer whatever proof it could assemble" at trial. Burks, 437 U.S. at 16. Further, because absence of licensure was not recognized as an essential element at the time of trial, the resulting verdict did not resolve this element of the offenses charged. See Commonwealth v. Hebb, 477 Mass. 409, 413 (2017), quoting Brown, 470 Mass. at 603-604 ("where a verdict does not specifically resolve all the elements of the offense charged, it is defective . . . and thus does not trigger double jeopardy protections"). A new trial is warranted so that the Commonwealth may have "one complete opportunity to convict" the defendant under the new law. Hebb, supra, quoting Yeager v. United States, 557 U.S. 110, 118 (2009). See United States v. Houston, 792 F.3d 663, 670 (6th Cir. 2015) ("the government would not be seeking a second bite at the apple but a first bite under the right legal test").

Here, because the Commonwealth reasonably could not have known we would reverse our holdings in Gouse, 461 Mass. at 807-808; Humphries, 465 Mass. at 767; and Allen, 474 Mass. at 174, a judgment of acquittal is not required by principles of double jeopardy. See Commonwealth v. Jefferson, 461 Mass. 821, 831-832 (2012) (retrial, rather than acquittal, was appropriate remedy where trial judge erroneously denied defendants their opportunity to raise affirmative defense, because otherwise

Commonwealth would not have "opportunity to offer evidence in rebuttal"). Without the ability to gaze into the future of this court's and the Supreme Court's rulings, and without any notice from the defendant of an intent to raise the issue of licensure, the Commonwealth simply had no reason to believe that any evidence concerning licensure would be necessary. Were the judgments of acquittal to stand, we would be denying the Commonwealth a "first opportunity to prove what it did not need to prove before but needs to prove now." United States v. Harrington, 997 F.3d 812, 818 (8th Cir. 2021).

Neither Commonwealth v. Munoz, 384 Mass. 503 (1981), nor Commonwealth v. Beal, 474 Mass. 341 (2016), compels a different result. In Munoz, supra at 503, the defendant was convicted of operating an uninsured motor vehicle. The trial judge, over the defendant's objection and consistent with the model jury instructions at the time, had instructed the jury that they could presume the defendant's vehicle was uninsured unless the defendant proved otherwise. See id. at 505, 510. This court held that the judge erroneously relieved the Commonwealth of its evidentiary burden, as "insurance [was] an element of the crime charged." See id. at 507. Because the Commonwealth had not presented evidence that the defendant's vehicle was uninsured, we reversed the defendant's conviction and entered judgment for the defendant. See id. at 509-510.

According to the defendant, Munoz establishes that retrial is barred on an insufficient showing of evidence on an essential element of the offense, even if that element was established only through precedent after trial. The defendant observes that this court entered judgment for the defendant in Munoz despite the Commonwealth's reliance during trial on the then-prevailing model jury instructions, which indicated that lack of insurance was not an essential element of the crime. See id.

We are not convinced that Munoz is on point. Munoz did not involve the creation of a new rule that was then applied to the defendant's case. Contrast Guardado I, 491 Mass. at 690 ("In the wake of Bruen, this court's reasoning in [previous decisions] is no longer valid"). In this case, a "new" rule "dictated by [a] decision" of the Supreme Court displaced the established and contrary law under the decisions of this court while the defendant's case was pending on direct review. Id. at 694. By contrast, in Munoz, 384 Mass. at 507-508, the defendant's trial involved an error that was contrary to the state of the law in the Commonwealth at the time of the defendant's trial. On review, this court clarified the state of the law given existing precedent. See id. See also Diatchenko v. District Attorney for the Suffolk Dist., 466 Mass. 655, 663-664 (2013), S.C., 471 Mass. 12 (2015) (distinguishing creation of "new constitutional rule" from "merely apply[ing] an

established constitutional standard to a novel set of facts"). Moreover, in Munoz, supra at 505, the Commonwealth's error at trial was due not to a reliance on a directly contradictory line of decisions from this court, but to a reliance on model jury instructions, which do not have the same force of law as this court's decisions, and the defendant challenged the erroneous instructions. The Commonwealth in Munoz therefore was required to prove at the time of trial that the defendant's vehicle was uninsured, and so was not owed a "second opportunity to prove what it should have proved earlier." United States v. Weems, 49 F.3d 528, 531 (9th Cir. 1995).

In Beal, 474 Mass. at 342, 345, the defendant received a sentencing enhancement under the Massachusetts armed career criminal act, G. L. c. 269, § 10G (ACCA), after the Commonwealth presented evidence of the defendant's certified convictions of assault and battery and assault and battery against a public official. We held, based on an intervening Supreme Court decision, that the evidence presented at trial was insufficient to prove that the defendant had committed a "violent crime" and that, as a result, double jeopardy precluded a retrial. See id. at 353-354.

Beal is not analogous. First, at the time the Commonwealth tried the defendant in Beal, the law was unsettled as to whether a certified conviction of assault and battery or assault and

battery against a public official was sufficient under the ACCA, and, in fact, there was reason to suggest that it was not.  See Johnson v. United States, 559 U.S. 133, 135, 140-142 (2010) (battery offense for "[a]ctually and intentionally touch[ing]" another did not qualify as violent crime under analogous Federal ACCA).  See also United States v. Holloway, 630 F.3d 252, 257 (1st Cir. 2011), citing Shepard v. United States, 544 U.S. 13, 26 (2005) (conviction may serve as violent crime under Federal ACCA only if each possible type of offense of conviction qualifies as violent crime).  Second, the defendant in Beal objected before trial to the use of certified copies of his convictions to prove that he had committed a categorically "violent crime," and yet the Commonwealth declined to offer additional proof despite having the opportunity to do so.  Beal, 474 Mass. at 354 n.12.[3]

Other jurisdictions have held that "a defendant cannot make out a sufficiency challenge as to offense elements that the government had no requirement to prove at trial under then-

---

[3] We recognize that we noted in Beal, 474 Mass. at 354 n.12, that remand was inappropriate because "the dispositive issue . . . is sufficiency of the evidence; even if the judge had instructed the jury properly, the result on appeal would be no different because the evidence the Commonwealth introduced was insufficient."  To the extent that Beal suggests that retrial is barred on double jeopardy grounds due to insufficient evidence, no matter the state of clearly established precedent, it is no longer valid precedent.

prevailing law." United States v. Reynoso, 38 F.4th 1083, 1090-1091 (D.C. Cir. 2022). See Harrington, 997 F.3d at 817-818; United States v. Nasir, 982 F.3d 144, 176 (3d Cir. 2020), judgment vacated on other grounds, 142 S. Ct. 56 (2021); Houston, 792 F.3d at 669-670; United States v. Robison, 505 F.3d 1208, 1224-1225 (11th Cir. 2007), cert. denied sub nom. United States v. McWane, Inc., 555 U.S. 1045 (2008); United States v. Gonzalez, 93 F.3d 311, 322 (7th Cir. 1996); Weems, 49 F.3d at 531; People v. Ramirez, 2023 IL 128123, ¶¶ 28-31 (2023). But see United States v. Miller, 84 F.3d 1244, 1258 (10th Cir. 1996) ("we will remand for a new trial only if the jury could have returned a guilty verdict if properly instructed").

For example, in United States v. Ellyson, 326 F.3d 522, 525-526 (4th Cir. 2003), the defendant was convicted of possessing child pornography under the Child Pornography Prevention Act of 1996 (CPPA), which defined child pornography to include any image that "appears to be [depicting] a minor engaging in sexually explicit conduct." The jury at the defendant's trial was instructed accordingly. See id. at 530. Following the defendant's trial, the Supreme Court held that the CPPA was "overbroad and unconstitutional" because its prohibition of "virtual images" reached beyond what is permissible under the First Amendment to the United States Constitution. See Ashcroft v. Free Speech Coalition, 535 U.S.

234, 248-249, 251, 258 (2002). The Court of Appeals for the Fourth Circuit held that, in light of the Supreme Court's decision in Free Speech Coalition, the jury instructions erroneously had "permitted the jury to convict [the defendant] on . . . [an] unconstitutional basis." Ellyson, supra at 531. Importantly, the Court of Appeals also held that the defendant could be retried, regardless of whether the evidence at trial was insufficient to establish that the images in the defendant's possession were real. See id. at 532. The court reasoned that there were no "double jeopardy concerns," because "[a]ny insufficiency in proof was caused by the subsequent change in the law under Free Speech Coalition, not the government's failure to muster evidence." Id. at 533. See United States v. Kim, 65 F.3d 123, 126-127 (9th Cir. 1995) (appellate court should not "examine the sufficiency of evidence of an element that the [g]overnment was not required to prove under the law . . . at the time of trial because the [g]overnment had no reason to introduce such evidence in the first place").

The defendant cites decisions from several United States Courts of Appeals to support his proposition that acquittal is the proper remedy. See United States v. Bruno, 661 F.3d 733, 742-743 (2d Cir. 2011); United States v. Mount, 161 F.3d 675, 678 (11th Cir. 1998); United States v. Hightower, 96 F.3d 211, 215 (7th Cir. 1996); United States v. Smith, 82 F.3d 1564, 1567-

1568 (10th Cir. 1996). However, a closer examination of these cases reveals that they are inapposite.

First, the Court of Appeals for the Second Circuit in Bruno, 661 F.3d at 743 & n.2, favorably cited much of the same Federal precedent that we cite supra but held that the "sound reasons" for remand did not apply where "the government conceded that it would present no new evidence if [the defendant] were retried." As such, a bar on retrial did not "deny the government an opportunity to present its evidence." Id. at 743. By contrast, here, the Commonwealth makes no such concession; to the contrary, it seeks the opportunity to present evidence of lack of licensure.

Second, the remaining three cases that the defendant cites -- that is, Mount, 161 F.3d 675; Hightower, 96 F.3d 211; and Smith, 82 F.3d 1564 -- all can be distinguished on the same grounds. In each case, the government argued at trial that it had presented sufficient evidence to convict the defendant either of using or carrying a firearm in connection with drug trafficking under 18 U.S.C. § 924(c). See Mount, supra at 678; Hightower, supra at 215; Smith, supra at 1566. While the defendants' cases were on appeal, the Supreme Court clarified the "use" prong of the statute. See Bailey v. United States, 516 U.S. 137, 144 (1995), superseded by statute as stated in Welch v. United States, 578 U.S. 120, 134 (2016). Importantly,

because the juries in these cases already had been instructed properly on the alternative "carry" prong, and because there was insufficient evidence to convict the defendants under this alternative theory, the proper remedy was vacating the defendants' convictions rather than remanding for a new trial. Mount, supra at 680-681. Hightower, supra. Smith, supra at 1568.

The defendant concedes that there are some circumstances in which a retrial may be the appropriate remedy for a posttrial legal development that causes the evidence at trial to be insufficient. In particular, where the posttrial legal development is not "constitutionally required," such that the court has discretion to apply the legal development only prospectively, the defendant allows that the double jeopardy principle does not preclude a retrial. See Commonwealth v. Ashford, 486 Mass. 450, 453 (2020) ("Where the statutory interpretation at issue is not constitutionally required, . . . we retain some discretion to apply the rule only prospectively"). The defendant argues, though, that acquittal is the proper remedy when the legal development is a new constitutional rule that must be applied to cases pending on direct review. See Commonwealth v. Dagley, 442 Mass. 713, 721 n.10 (2004), cert. denied, 544 U.S. 930 (2005), citing Griffith v. Kentucky, 479 U.S. 314, 322 (1987) ("newly declared

constitutional rule must be applied to cases pending on direct review"). Because the Supreme Court's decision in Bruen, 142 S. Ct. at 2122, established a new constitutional rule, the defendant contends, a retrial here would violate the double jeopardy principle.

We are not persuaded. The defendant's analysis appears to conflate, on the one hand, whether this court was constitutionally required to apply to his case the new rule in Bruen, 142 S. Ct. at 2122, and, on the other hand, what the proper remedy is for a violation of the constitutional rule. Because Bruen was decided after the defendant's trial but while the case was pending on appeal, he is entitled to the benefit of the new rule; that is, the right to have the Commonwealth prove that he lacked a license. The cited propositions from Ashford and Dagley do not assert that retrial is inappropriate in any instance where a new constitutional rule is applied to a case pending on direct review. See Ellyson, 326 F.3d at 533 (proper remedy for new rule mandated by Supreme Court's intervening interpretation of First Amendment was retrial).

3. Conclusion. For the reasons discussed, we conclude that this court erred when it remanded to the Superior Court for entry of judgments of not guilty on the indictments charging unlawful possession of a firearm, unlawful possession of ammunition, and unlawful possession of a loaded firearm.

Accordingly, we vacate that portion of our prior order and remand to the Superior Court for a new trial on those indictments.

<u>So ordered</u>.