United States Court of Appeals,

Eleventh Circuit.

No. 93-8467.

UNITED STATES of America, Plaintiff-Appellee,

v.

Gregory Louis JONES, Defendant-Appellant.

Feb. 6, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-CR-35-1), Richard C. Freeman, Judge.

Before BIRCH and CARNES, Circuit Judges, and BLACKBURN[*], District Judge.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

The Supreme Court has vacated our prior judgment in this case, *United States v. Jones,* 28 F.3d 1574 (11th Cir.1994), and remanded the case to us for further consideration in light of *Bailey v. United States,* --- U.S. ----, 116 S.Ct. 501, --- L.Ed.2d ---- (1995).

In upholding Jones' conviction for using or carrying a firearm during and in relation to the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), we applied the pre-*Bailey* law of this Circuit that the presence of a weapon in a location near a significant quantity of illegal drugs is sufficient to submit to the jury the issue of whether the defendant used that firearm in connection with a drug trafficking crime. *Id.* at 1577-79. The Supreme Court has now held that a defendant cannot be

[*]Honorable Sharon Lovelace Blackburn, U.S. District Judge for the Northern District of Alabama, sitting by designation.

convicted under the "use" prong of § 924(c)(1) merely because a firearm is present at the scene of a drug crime. Instead, if the firearm is not "carried" there must be an active use, such as "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire." *Bailey,* --- U.S. at ---- , 116 S.Ct. at 508. More specifically, the Court has rejected the proposition "that a gun placed in a closet is "used,' because its mere presence emboldens or protects its owner." *Id.*

In light of *Bailey,* we modify our prior opinion, insofar as it concerns the § 924(c)(1) conviction, 28 F.3d at 1577-79, and hold that the evidence in this case was insufficient to support that conviction. Our affirmance of the remaining convictions stands. Accordingly, the "Conclusion" part of our prior opinion, *id.* at 1582, is modified to read as follows:

> All of Jones' convictions are AFFIRMED, except his conviction for violating 18 U.S.C. § 924(c)(1). That conviction and sentence are REVERSED. All of Jones' remaining sentences are AFFIRMED, except for the sentence he received for possession of the unregistered sawed-off shotgun, which sentence is VACATED. The case is REMANDED for proceedings consistent with this opinion.