**UNITED STATES of America, Appellee,**

v.

**Elpidio G. SANTOS, also known as Indio, and Victor Alejo, Defendants–Appellants,**

**Juan Garcia, Defendant.**

**Nos. 1881, 1882, Dockets 94–1602(L), 94–1618.**

United States Court of Appeals, Second Circuit.

Argued June 28, 1995.

Decided July 28, 1995.

Vacated and Remanded March 4, 1996.

Decided May 22, 1996.

---

USSG § 1B1.1, comment. (n.1(j)).

**8.** We note that court held two hours hospital emergency room did not constitute "hospitalization." 997 F.2d at 37.

States Attorney, Office of the United States Attorney for the Southern District of New York, New York City, of counsel), for Appellee.

Before: VAN GRAAFEILAND, JACOBS and CABRANES, Circuit Judges.

PER CURIAM:

Defendants Elpidio Santos and Victor Alejo (the "defendants") operated a cocaine distribution center on West 188th Street in Manhattan, and were convicted following a jury trial in the United States District Court for the Southern District of New York (Haight, J.), of, *inter alia*, using and carrying a silenced firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The district court denied the defendants' post-trial motions to set aside those convictions. *United States v. Santos*, No. S 91 Cr. 724, 1992 WL 232057 (S.D.N.Y. Sept. 2, 1992). The defendants then appealed their convictions on the ground that insufficient evidence supported the jury's verdict that they "used" the firearm in question, as that term is employed by section 924(c)(1), during the drug transaction for which they were convicted. We affirmed. *United States v. Santos*, 64 F.3d 41 (2d Cir.1995).

On March 4, 1996, the Supreme Court granted the defendants' petition for writ of certiorari, vacated our decision and remanded the case to this Court for reconsideration in light of *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Santos v. United States*, —— U.S. ——, 116 S.Ct. 1038, 134 L.Ed.2d 186 (1996) (mem.). For the reasons stated herein, we vacate the defendants' convictions under section 924(c)(1) and remand for resentencing.

Christine E. Yaris, New York City, for Defendant–Appellant Elpidio G. Santos.

Juan A. Campos, New York City, for Defendant–Appellant Victor Alejo.

David C. Esseks, Assistant United States Attorney, (Mary Jo White, United States Attorney, Alexandra Rebay, Assistant United

**BACKGROUND**

In June 1991, a confidential informant for the Drug Enforcement Agency (the "DEA") observed Elpidio Santos and Victor Alejo sell two kilograms of cocaine to two unidentified purchasers in an apartment on West 188th Street in Manhattan. On August 13, 1991, that informant and another DEA informant

met Santos, Alejo and Juan Garcia[1] at the same apartment. At that meeting, the informants indicated that they wished to purchase two kilograms of cocaine from the defendants. When an informant asked to test the cocaine, Garcia produced and opened a one-kilogram bag of cocaine and the informant tested it. *Santos,* 1992 WL 232057 at *2. Satisfied with the goods, the parties agreed to the sale and one of the informants left the apartment, ostensibly to obtain money for the drugs. At that point, DEA agents arrested the defendants.

During a search made pursuant to a previously issued search warrant, agents found, *inter alia,* five loaded firearms and ammunition; the one-kilogram package of cocaine that the informants had tested; another one-kilogram package of cocaine located in an oven storage drawer in the kitchen of the apartment; and a loaded .22 caliber firearm equipped with a silencer. *Id.* at *2–*3. The silenced firearm was wrapped in brown paper, and had been placed in the oven storage drawer with the gun handle facing toward the door of the drawer.

The defendants were charged and convicted after a jury trial of conspiring to distribute, and to possess with intent to distribute, cocaine, in violation of 21 U.S.C. § 846; distributing, and possessing with intent to distribute, cocaine, in violation of 21 U.S.C. § 841(b)(1)(B); and using and carrying the silenced firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).[2] At trial, a DEA agent testified that the gun did not need to be unwrapped to be fired: "All you had to do was stick your finger through the bag and it was ready to go." There was no evidence adduced that the gun was brandished by the defendants or that the informants were otherwise made aware of its existence during the drug deal. In response to special verdict questions, the jury found that both defendants used the silenced handgun in connection with the trafficking crimes.

## DISCUSSION

Section 924(c)(1), in relevant part, imposes a 5–year minimum term of imprisonment for any person who "during and in relation to any crime of violence or drug trafficking crime ... *uses or carries* a firearm." 18 U.S.C. § 924(c)(1) (emphasis added). Also relevant to this appeal, section 924(c)(1) imposes a mandatory thirty-year sentence for, *inter alia,* the use of a silencer-equipped firearm. The defendants moved at the close of the government's case, and moved again after the jury returned the guilty verdicts, for acquittal on the section 924(c)(1) counts with respect to the silenced gun. The district court denied those motions, and imposed the mandatory thirty-year sentence on both defendants. The defendants appealed on the ground that their convictions under section 924(c)(1) were not supported by sufficient evidence.

We affirmed, relying on our interpretation of the term "use" under section 924(c)(1) as "requir[ing] possession of a gun under circumstances where the weapon is so placed as to be an integral part of the offense." *United States v. Meggett,* 875 F.2d 24, 29 (2d Cir.), *cert. denied,* 493 U.S. 858, 110 S.Ct. 166, 107 L.Ed.2d 123 (1989). As we explained, "if the firearm had *even the potential to facilitate a drug trafficking crime* we will affirm the conviction" for using a firearm. *Santos,* 64 F.3d at 45 (emphasis added) (citing *Smith v. United States,* 508 U.S. 223, 236–39, 113 S.Ct. 2050, 2058–59, 124 L.Ed.2d 138 (1993)).

On December 6, 1995, the Supreme Court decided *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472. That case consolidated the petitions of two defendants who were each convicted under section 924(c)(1) of using or carrying a firearm during and in relation to a drug trafficking offense. Petitioner Roland Bailey was arrested after a lawful search of his automobile revealed one round of ammunition and 30 grams of cocaine in the passenger compartment, and a large amount of cash and a loaded nine-millimeter pistol in the trunk.

---

1. Garcia was a co-defendant of Santos and Alejo at trial, but did not appeal his conviction.

2. The defendants were not charged with any crime in connection with the other firearms that were found in the apartment.

*Id.* at ——, 116 S.Ct. at 503–04. Petitioner Candisha Robinson was arrested after undercover officers purchased crack cocaine from her on two occasions. A subsequent lawful search of Robinson's apartment revealed an unloaded .22–caliber pistol inside a locked trunk in the bedroom closet. *Id.* at ——, 116 S.Ct. at 504.

Robinson and Bailey were separately convicted under section 924(c)(1) in the United States District Court for the District of Columbia, and appealed. After initial opinions affirming Bailey's conviction, *United States v. Bailey,* 995 F.2d 1113 (D.C.Cir.1993), and reversing Robinson's conviction, *United States v. Robinson,* 997 F.2d 884 (D.C.Cir. 1993), the District of Columbia Circuit reheard the consolidated appeals *in banc* and affirmed both convictions. *United States v. Bailey,* 36 F.3d 106 (D.C.Cir.1994) (in banc).

The Supreme Court reversed. The Court first agreed with the Court of Appeals that "use" under section 924(c) "must connote more than mere possession." *Bailey,* —— U.S. at ——, 116 S.Ct. at 506. But the Court rejected the "proximity and accessibility standard" that the District of Columbia Circuit had employed (which is substantially similar to the standard formulated in this Circuit, *cf. United States v. Feliz–Cordero,* 859 F.2d 250, 254 (2d Cir.1988)), because it "provides almost no limitation on the kind of possession that would be criminalized; in practice, nearly every possession of a firearm by a person engaged in drug trafficking would satisfy the standard." *Id.* The Court held that in order to support a conviction under section 924(c), the "Government must show *active employment of the firearm.*" *Id.* (emphasis added). The Court emphasized that under that standard, "a firearm can be used without being carried, *e.g.,* when an offender has a gun on display during a transaction, or barters with a firearm without handling it; and a firearm can be carried without being used, *e.g.,* when an offender keeps a gun hidden in his clothing through-

out a drug transaction." *Id.* at ——, 116 S.Ct. at 507.

In the absence of evidence that Bailey or Robinson "active[ly] employ[ed]" a firearm, the Supreme Court reversed both judgments for firearms "use" under section 924(c)(1). However, Bailey and Robinson were also charged with "carrying" a firearm under section 924(c)(1). Because the Court of Appeals did not consider liability for "carrying," the Supreme Court remanded the case "for consideration of that basis for upholding the convictions." *Id.* at ——, 116 S.Ct. at 509.

■ There was no evidence adduced at trial that Santos or Alejo actively employed the silenced firearm. It is undisputed that the gun remained in the oven drawer throughout the commission of the crime; that the defendants did not refer to or mention the gun; and that the informants were unaware during the crime of the gun's presence. It could be argued that the defendants made "use" of the silenced handgun by stowing it where it would be readily available if one or another defendant had gone to the oven drawer, even if only to retrieve the second kilogram of cocaine. But matters did not proceed that far, and *Bailey* forecloses a finding of liability on that basis: "where an offender conceals a gun nearby to be at the ready for an imminent confrontation . . . . 'use' cannot extend to encompass this action. If the gun is not disclosed or mentioned by the offender, it is not actively employed, and it is not 'used.'" *Id.* at ——, 116 S.Ct. at 508. Upon reconsideration in light of *Bailey,* the defendants' convictions for "use" of the silenced firearm therefore cannot be sustained.

■ Nor could the defendants' convictions be sustained on the ground that the weapon was "carried" within the meaning of section 924(c)(1).[3] We have recognized that "[n]either the legislative history of section 924(c)(1) nor case law in this circuit suggest[s] that the term 'carry' should be con-

---

**3.** Count three of the indictment on which the defendants were convicted charged that they "willfully and knowingly did *use and carry* firearms, namely . . . a .22 caliber handgun which was then equipped with a firearm silencer." Accordingly, we may uphold the convictions of the

defendants for *carrying* the silenced handgun if sufficient evidence supports that finding. *See Bailey,* —— U.S. at ——, 116 S.Ct. at 509 (remanding for consideration of liability for "carrying" firearms).

strued as having any meaning beyond its literal meaning." *Feliz–Cordero,* 859 F.2d at 253. Accordingly, we have construed that term narrowly and have required "at least a showing that the gun [was] within reach during the commission of the drug offense" in order to sustain a conviction for "carrying" a firearm. *Id.; see also United States v. Pineda–Ortuno,* 952 F.2d 98, 103 (5th Cir.) (in non-vehicle cases, "'carrying' requires a showing that the gun was in reach during the commission of the drug offense"), *cert. denied,* 504 U.S. 928, 112 S.Ct. 1990, 118 L.Ed.2d 587 (1992).

The government introduced evidence at trial that the silenced firearm could have been readily fired without removing it from its brown paper wrapping. But the government introduced no evidence which would tend to show that the silenced gun was "within reach" of the defendants during the drug transaction. Indeed, the district court found that the weapon was "hidden in the oven in the kitchen that was across a hallway from the living room" where the transaction took place. *Santos,* 1992 WL 232057 at *9. As in *Feliz–Cordero,* there is no evidence that the silenced firearm was "within reach of either defendant." 859 F.2d at 254. Accordingly, the defendants' convictions cannot be sustained under section 924(c)(1).

## CONCLUSION

The convictions of the defendants under section 924(c)(1) for using or carrying the silenced weapon are vacated, and this case is remanded to the district court for resentencing.