**UNITED STATES of America, Appellee,**

v.

**Elpidio G. SANTOS, also known as Indio, and Victor Alejo, Defendants–Appellants,**

**Juan Garcia, Defendant.**

Nos. 1881, 1882, Dockets 94–1602(L) and 94–1618.

United States Court of Appeals, Second Circuit.

Argued June 28, 1995.

Decided July 28, 1995.

Vacated and Remanded March 4, 1996.

Submitted May 21, 1996.

Decided May 22, 1996.

Petition for Rehearing Submitted July 5, 1996.

As Modified on Rehearing Sept. 10, 1996.

Christine E. Yaris, New York City, for Defendant–Appellant Elpidio G. Santos.

Juan A. Campos, New York City, for Defendant–Appellant Victor Alejo.

David C. Esseks, Assistant United States Attorney, (Mary Jo White, United States Attorney, Alexandra Rebay, Assistant United States Attorney, Office of the United States Attorney for the Southern District of New York, New York City, of counsel), for Appellee.

Before: VAN GRAAFEILAND, JACOBS and CABRANES Circuit Judges.

PER CURIAM:

Defendants Elpidio Santos and Victor Alejo were convicted following a jury trial in the United States District Court for the Southern District of New York (Haight, *J.*), on three separate counts: conspiring to distribute and to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846; distributing and possessing with intent to distribute more than 500 grams of cocaine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 860 and 18U.S.C. § 2; and of using and carrying firearms, "namely a .38 caliber revolver, three nine-millimeter semi-automatic handguns and a .22 caliber handgun which was then equipped with a firearm silencer" during a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c).[1] Consistent with the law in this Circuit, only one § 924(c)(1) violation was charged, encompassing the defendants' use and carrying of five handguns. *See United States v. Lindsay,* 985 F.2d 666, 674 (2d Cir.), *cert. denied,* 510 U.S. 832, 114 S.Ct. 103, 126 L.Ed.2d 70 (1993).

No appeal was taken from the defendants' convictions on counts one or two. The defendants appealed their convictions on count three. The defendants contended that insufficient evidence supported the jury's verdict that they "used" the silenced firearm, as that term is employed by section 924(c)(1), during the drug transaction for which they were convicted. In addition, the defendants contended that the mandatory 30–year sentence imposed by section 924(c)(1) for carrying or using a silenced handgun violates the due process clause of the Fifth Amendment and the Eighth Amendment's prohibition of cruel and unusual punishment. The defendants made no appeal of their § 924(c)(1) conviction with respect to any of the four other firearms. We affirmed. *United States v. Santos,* 64 F.3d 41 (2d Cir.1995). The Supreme Court granted the defendants' petition for writ of certiorari, vacated our decision and remanded the case to this Court for reconsideration in light of *Bailey v. United*

---

1. Our prior opinion was therefore inaccurate insofar as it stated that "[t]he defendants were not charged with any crime in connection with the other firearms that were found in the apartment." *United States v. Santos,* 84 F.3d 43, 45 n. 2 (2d Cir.1996) (per curiam).

*States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Santos v. United States*, —— U.S. ——, 116 S.Ct. 1038, 134 L.Ed.2d 186 (1996) (mem.).

On May 22, 1996, we vacated the defendants' convictions under section 924(c)(1) on the ground that the silenced firearm was located in an oven drawer throughout the drug transaction, and thus could not serve as the basis for a "use" or "carrying" conviction after *Bailey*. *United States v. Santos*, 84 F.3d 43 (2d Cir.1996) (per curiam). We did not consider, however, whether the defendants' convictions could be upheld based on evidence that they used or carried any other firearm.

On July 5, 1996, the government petitioned this Court for rehearing with respect to defendant Alejo. As to Santos, the government concedes that the evidence does not support a conviction with respect to any firearm that would withstand the ruling in *Bailey*. Accordingly, on July 15, 1996, we granted Santos's motion to sever and ordered that the mandate be issued forthwith as to him. As to Alejo, however, the government contends that the jury convicted him of "carrying," in his very hands, another gun (a nine-millimeter handgun) during the drug transaction, and argues that we should sustain Alejo's § 924(c)(1) conviction on that basis. We have not issued the mandate with respect to Alejo. Upon rehearing, we conclude that sufficient evidence in the record supports Alejo's conviction for carrying a nine-millimeter handgun during the drug transaction.

## DISCUSSION

██ At trial, the district court properly instructed the jury that it could convict the defendants under § 924(c)(1) if they used or carried a firearm:

> In the statute, the term 'carry' has its literal meaning. For someone to carry a firearm it must either be on his person or within his reach during the commission of the drug offense.

Alejo's § 924(c)(1) conviction may therefore be upheld for *carrying* a firearm if sufficient evidence supports that finding. *See Bailey*, —— U.S. at ——, 116 S.Ct. at 509 (remanding to appellate court for reconsideration of liability for carrying firearms).

The government offered testimony at trial that Alejo "had a gun in one hand and a telephone in the other" during the drug deal. *See* Sept. 2, 1992 Memorandum and Order. By a letter from the Clerk of this Court dated July 16, 1996, we requested Alejo's counsel to file a response to the government's petition for rehearing. A letter from Alejo's counsel of record was filed with this Court on August 23, 1996 that states in part as follows:

> [T]he count [on which Alejo's conviction was based] also included a 9 mm handgun which the proof at trial was that Alejo held in his hand during the course of the cocaine transaction. Thus, Alejo must concede that this fact alone would meet the "carry" requirement of Section 924(c).

Alejo's concession is supported by the record. A verdict form completed by the jury with respect to Count Three (the use and carrying charge), asked the jury to "indicate which of the following firearms were used and/or carried in relation to a drug trafficking crime" with respect to each defendant. The verdict form indicates that the jury found that Alejo used or carried the following firearms: a .38 caliber revolver; three nine-millimeter semi-automatics; and a .22 caliber handgun equipped with a silencer. In addition, Alejo conceded in his initial briefing to this Court that at the time of the drug deal, "Alejo was holding what appeared to be a semi-automatic in one hand." We therefore affirm Alejo's conviction with respect to the nine-millimeter firearm that he actually carried during the drug transaction.

Accordingly, on rehearing, Alejo's § 924(c) conviction with respect to the silenced firearm is vacated for the reasons stated in *United States v. Santos*, 84 F.3d 43 (2d Cir. 1996) (per curiam); the mandate of that opinion is modified, however, to affirm Alejo's § 924(c) conviction with respect to the nine-millimeter handgun, and his case is remanded to the district court for re-sentencing.