[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 13, 2008
THOMAS K. KAHN
CLERK

No. 07-12561
Non-Argument Calendar

_____

D. C. Docket No. 06-00411-CR-01-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAYSON DEMARKO STEVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 13, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Jayson Demarko Stevens appeals his conviction for possession of a firearm

by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Stevens asserts the district court abused its discretion when it (1) admitted extrinsic evidence of his prior convictions, in violation of Federal Rule of Evidence 404(b); and (2) denied his motion for new trial based on a lack of credible evidence. He further contends the district court erred when it denied his motion for judgment of acquittal for failure to prove a substantial affect on interstate commerce. We address each issue in turn, and affirm Stevens' conviction.

I.

"We review the district court's evidentiary rulings for abuse of discretion." *United States v. Baker,* 432 F.3d 1189, 1202 (11th Cir. 2005). "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "To be admissible, 404(b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403." *United States v.*

*Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). To establish the relevance of other crimes evidence offered as proof of intent, "it must be determined that the extrinsic offense requires the same intent as the charged offense." *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) (quotations omitted).

"[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. "This determination lies within the sound discretion of the district judge, and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003). Extrinsic evidence is more prejudicial when it is of such a heinous nature that it is more "likely to sway a jury irrevocably to a decision of guilt." *United States v. Williams*, 816 F.2d 1527, 1532 (11th Cir. 1987). "If the government has a strong case without the extrinsic offense, then the prejudice to the defendant will more likely outweigh the marginal probative value." *United States v. Jones*, 28 F.3d 1574, 1581 (11th Cir. 1994), *modified by United States v. Jones*, 74 F.3d 275 (11th Cir. 1996).

The district court did not abuse its discretion in admitting Stevens' prior

3

convictions under Rule 404(b). The prior convictions were relevant to prove intent, knowledge, and lack of mistake or accident in the present case. By pleading not guilty to the offense, Stevens placed the element of his knowing possession at issue. *See Jernigan*, 341 F.3d at 1281 n.7. This Court has recognized that prior act evidence can be used to show knowing possession. *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005) (holding introduction of prior possession conviction was permissible under Rule 404(b) in order to prove knowing possession); *Jernigan*, 341 F.3d at 1281 ("The caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time."). The prior convictions involved aggravated assault with a deadly weapon and possession of a firearm during the commission of a felony and the present case involved possession of a firearm by a felon. All of these offenses involved knowing possession of a firearm. Therefore, the prior convictions based on assault and possession could be used to show Stevens had the same present intent of knowingly possessing a firearm in the instant case.

Because the prior act was a conviction, there is no question it was proven sufficiently to permit a jury to determine that the defendant committed the act. *See Jernigan*, 341 F.3d at 1282 (holding it is elementary that a conviction is

4

sufficient proof a defendant committed the prior act). The only remaining question is whether the prejudicial value substantially outweighed the probative value. The district court was not required to determine on the record that the probative value was not outweighed by the prejudicial effect. *See United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir. 1987) (holding the district court was not required to make an on-the-record determination as to whether the probative value outweighed the prejudicial effect). The district court did, however, make a finding as to probative value when it said that the events were "so similar." Similarity between the extrinsic offense and the charged offense is a factor in analyzing probative value. *See Jernigan*, 341 F.3d at 1282. By recognizing the events in both cases were similar, the court was weighing probative and prejudicial value.

In addition, the prior convictions were not cumulative, because, as Stevens points out, there were credibility questions about the testimony of two of the eyewitnesses in this case, Donta Williams and Officer Gary Harper. The prior convictions were an important component of the Government's case to show knowing possession, and Rule 404(b) evidence "should not lightly be excluded when it is central to the prosecution's case." *See id.* at 1280. Furthermore, the jury did not see the most prejudicial aspect of the prior case, the fact that someone

5

was shot, and where the court limits the introduction of the evidence in such a way, the prejudicial effect is lessened. *See id.* at 1282. Thus, in light of the prosecutorial need, the similarity of offenses, and the redaction of facts that could be considered heinous, the prejudicial effect did not substantially outweigh the probative value. Because the extrinsic evidence was admitted to prove intent, knowledge, and lack of mistake or accident, it was clear that Stevens committed the prior acts, and the prejudicial value did not substantially outweigh the probative value, the district court did not abuse its discretion in admitting the prior convictions.

## II.

We review a district court's denial of a motion for new trial for an abuse of discretion. *United States v. Tokars*, 95 F.3d 1520, 1531 (11th Cir. 1996). A district court, upon the defendant's motion, may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). "On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). In considering such a motion, however, "[t]he evidence must preponderate heavily against the verdict, such that it would

be a miscarriage of justice to let the verdict stand." *United States v. Cox*, 995 F.2d 1041, 1043 (11th Cir. 1993). "[C]ourts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies." *Martinez*, 763 F.2d at 1313.

The district court did not abuse its discretion in denying the motion for new trial because the evidence did not preponderate heavily against the verdict, such that a miscarriage of justice occurred. *See Cox*, 995 F.2d at 1043. It is uncontroverted that there were inconsistencies in the testimony of Officer Harper and Williams. These inconsistencies, however, did not rise to a level such that the interests of justice required a new trial. Williams testified Stevens grabbed the gun, but he also testified he signed a paper revoking what he told the ATF agents at the first meeting with them, and he told the ATF agents and the assistant U.S. attorney that Stevens never had the gun. His prior inconsistent statement did not make his testimony incredible because he explained he had misinterpreted the paper he signed saying he told the agents a different story. He thought the ATF agents were saying he said Stevens *fired* the gun, and he never said such a thing. He explained he was pressured to change his story before the meeting with the U.S. Attorney and the ATF agents. Because the explanations for the discrepancies

7

are plausible and a reasonable factfinder could choose to credit them, his testimony was not so incredible as to preponderate heavily against the verdict.

The same is true of Officer Harper's testimony. Officer Harper testified he saw Stevens with a gun. He also testified he filled out a police report on the night in question, in which he did not mention anything about Stevens possessing a gun, and, later, he told Agent Johnson that Williams was trying to hide the gun. Also, in the report, Officer Harper indicated the gun was found on the driver's seat. Officer Harper explained it was possible Agent Jones mistakenly replaced Stevens' name with Williams' on the report for the ATF, and, as to the police report, he simply made a mistake in the way he wrote it. Officer Harper also testified to the fact he told the ATF agents Williams told him Stevens had the gun. While there are inconsistencies, nothing about his testimony makes it incredible. A reasonable factfinder could determine he messed up in writing his original report, and there were errors when Agent Jones made her report. Only the current testimony and the police report were under oath, and the police report does not contradict what he said. Moreover, further evidence corroborated his testimony, including the testimony of Officer House, who said that he saw the passenger put a gold object into the center console. This was not an "instance where the government's case was presented by impeached witnesses, while the testimony of

the defendant's witnesses was unwaivering [sic] and corroborated by independent evidence." *See Martinez*, 763 F.2d at 1314. Because the evidence did not preponderate against the verdict, the district court did not abuse its discretion in denying the motion for new trial.

III.

We review *de novo* the denial of a motion for judgment of acquittal. *United States v. Tampas*, 493 F.3d 1291, 1297 (11th Cir. 2007). The district court's denial of a motion for judgment of acquittal "will be upheld if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000). We must view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the government. *United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001).

Section 922(g)(1) requires the government prove the firearm was in or affected interstate commerce. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). The government meets its burden as long as the weapon in question has a "minimal nexus" to interstate commerce. *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001). The government does this by demonstrating the firearm possessed by the defendant had traveled in interstate commerce. *United*

9

*States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996).

The Government met its burden of proving the firearm was in or affected interstate commerce, as it demonstrated the requisite minimal nexus by showing that Stevens possessed the gun in Georgia, and the gun was manufactured in Israel. As such, the district court did not err by denying Stevens's motion for judgment of acquittal because Stevens failed to demonstrate a reasonable trier of fact could not conclude the evidence established his guilt beyond a reasonable doubt. Accordingly, we affirm Stevens' conviction.

**AFFIRMED.**