[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12118
Non-Argument Calendar

_____

D. C. Docket No. 07-00124-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERALD ALLEN WILSON, JR.,
a.k.a. Buddy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 30, 2008)

Before CARNES, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jerald Wilson, Jr. pleaded guilty to two charges: (1) conspiracy to possess

with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and (2) using or carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).[1]  Wilson contends that the district court plainly erred in accepting his guilty plea on the § 924(c) charge because there was no factual basis for the plea, as required by Federal Rule of Criminal Procedure 11(b)(3).  He further contends that the error affected his substantial rights because he did not know that he was subject to consecutive sentences for the drug and firearms charges and that he would not have pleaded guilty to the firearms charge had he been aware of that.

## I.

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires that the court, before entering judgment on a guilty plea, "determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3).  That requirement protects "a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading."  United States v. Frye, 402 F.3d 1123, 1128 (11th Cir. 2005) (internal quotation marks and citation omitted).  "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court

---

[1]Wilson was originally charged under a ten-count indictment, which included conspiracy to possess with intent to distribute over 100 kilograms of marijuana, possession with intent to distribute over five kilograms of marijuana, and a forfeiture count.  Eight of those charges were dropped pursuant to the plea agreement.

was presented with evidence from which it could reasonably find that the defendant was guilty." Id. (internal quotation marks and citation omitted).

Wilson did not raise a Rule 11 objection in the district court, and therefore we review it for plain error only. See United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). "The four prongs of plain error review are: (1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Novaton, 271 F.3d 968, 1014 (11th Cir. 2001) (internal quotation marks and alteration omitted). We will not correct any error unless all four requirements are met. Id.

Under 18 U.S.C. § 924(c)(1)(A), "any person who, during and in relation to any crime of violence or drug trafficking crime . . . . uses or carries a firearm . . . . shall be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). "The government need only show either that [a defendant] used or carried the firearm during and in relation to the drug trafficking crime, not both." United States v. Timmons, 283 F.3d 1246, 1250 (11th Cir. 2002). A defendant may be convicted under § 924(c) based on circumstantial evidence. See United States v. Mount, 161 F.3d 675, 679 (11th Cir. 1998).

"To sustain a conviction under the 'use' prong of § 924(c)(1), the

Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." Bailey v. United States, 516 U.S. 137, 150, 116 S .Ct. 501, 509 (1995). Displaying a firearm constitutes use within the meaning of § 924(c), as does "the silent but obvious and forceful presence of a gun on a table." Id. at 148, 116 S. Ct. at 508.

The phrase "during and in relation to" means that the firearm "must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Timmons, 283 F.3d at 1251 (internal quotation marks and citation omitted). "Instead, the gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." Id. (internal quotation marks and citation omitted). The purpose of the "during and relation to" phrase is to preclude conviction where the presence of a firearm is merely coincidental or is unrelated to the crime. See id.

Here the district court did not plainly err in accepting Wilson's guilty plea. The government proffered sufficient circumstantial evidence from which the district court could reasonably conclude that Wilson used a firearm during and in relation to a drug trafficking crime. That evidence included that the police found a rifle in the workshop near Wilson's house. The rifle was leaning against the wall next to several pounds of marijuana and over $30,000 in cash. Further, the factual

4

resume portion of Wilson's plea agreement stated that his marijuana supplier delivered the drugs to him hidden inside the tires of cars driven up from Mexico. Wilson would remove the marijuana from the tires, weigh it, put different tires on the car, and then the drug couriers would leave. Wilson also told police officers that he spent most of his time in his workshop. From those facts, it was reasonable for the district court to conclude that Wilson changed the marijuana-laden tires in his workshop and that he kept the rifle with him for protection during the drug deals. See Frye, 402 F.3d at 1128. The district court did not plainly err when it accepted Wilson's guilty plea to the § 934(c) charge. See Timmons, 283 F.3d at 1250–51.

**AFFIRMED.**